In the

# United States Court of Appeals
## For the Seventh Circuit

No. 20-8005

PRESTON BENNETT,

*Plaintiff-Petitioner*,

*v.*

THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS,

*Defendants-Respondents*.

Petition for Leave to Appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 18-cv-04268 — **John Robert Blakey**, *Judge*.

SUBMITTED MARCH 4, 2020 — DECIDED MARCH 16, 2020

Before WOOD, *Chief Judge*, and EASTERBROOK and ROVNER, *Circuit Judges*.

PER CURIAM. When Preston Bennett was locked up in the Cook County Jail, he was assigned to Division 10, which houses detainees who need canes, crutches, or walkers. He alleges in this suit under the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34, and the Rehabilitation Act, 29 U.S.C. §794, that Division 10 lacks the grab bars and other fixtures

needed for such persons to use showers and bathrooms safely. Bennett adds that he fell and was injured as a result of this deficiency.

Bennett wants to represent a class of detainees who need canes, crutches, or walkers. The district court denied his initial application, ruling that the appropriate accommodation of any detainee's situation depends on personal characteristics, so common questions do not predominate. See Fed. R. Civ. P. 23(b)(3). Bennett proposed an alternative class that would avoid all person-specific questions by contending that Division 10, which was constructed in 1992, violates a regulation providing that "as of March 7, 1988 … construction[] or alteration of buildings" must comply with the Uniform Federal Accessibility Standards (UFAS or the Standards). 28 C.F.R. §42.522(b). The Standards require accessible toilets to have grab bars nearby, UFAS §4.17.6, and accessible showers to have mounted seats, UFAS §4.21.3. The district court rejected this proposal too, writing:

> for this Court to determine whether the ADA and Rehab Act's Structural Standards control—thereby mooting the reasonable accommodation inquiry—it would need to rule on the merits of Plaintiff's case.

The judge thought that such a decision would "run[] afoul of the rule against one-way intervention."

Bennett has asked for our leave to take an interlocutory appeal under Rule 23(f). That petition is granted, and we summarily reverse. (The papers proposing and opposing interlocutory review explore the legal questions in detail.) The judge was right to say that, to determine whether the Standards control, he would need to decide a big chunk of the merits. But that's not necessary.

Rule 23(a) and (b) provides a list of requirements for class certification, all of which must be met, see *Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338 (2011), but surety of prevailing on the merits is not among them. Classes can lose as well as win. The district judge's view that a class cannot be certified unless the plaintiff has already prevailed on the central legal issue is a formula for one-way intervention rather than a means to avoid it. Bennett, by contrast, proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose. That's how class actions should proceed.

The district court's class-certification decision is vacated, and the case is remanded for the certification of an appropriate class if all applicable standards of Rule 23(a) and (b) have been met.