In the

# United States Court of Appeals
## For the Seventh Circuit

---

No. 22-8016

PRESTON BENNETT,

*Plaintiff-Petitioner,*

*v.*

THOMAS DART, Sheriff of Cook County, and COOK COUNTY, ILLINOIS,

*Defendants-Respondents.*

---

Petition for leave to appeal from the United States District Court
for the Northern District of Illinois, Eastern Division.
No. 18-cv-04268 — **John Robert Blakey**, *Judge.*

---

SUBMITTED OCTOBER 20, 2022 — DECIDED NOVEMBER 14, 2022

---

Before EASTERBROOK, ROVNER, and WOOD, *Circuit Judges.*

PER CURIAM. Preston Bennett contends that Division 10 of Cook County Jail does not satisfy the Americans with Disabilities Act, 42 U.S.C. §§ 12131–34, and the Rehabilitation Act, 29 U.S.C. §794, because it lacks the grab bars and other fixtures that disabled inmates may need in order to use showers and toilets safely. When seeking certification of a class action,

Bennett tried to simplify the case by relying on a regulation providing that "as of March 7, 1988 … construction[] or alteration of buildings" must comply with the Uniform Federal Accessibility Standards (UFAS or the Standards). 28 C.F.R. §42.522(b)(1). The Standards require accessible toilets to have grab bars nearby, UFAS §4.17.6, and accessible showers to have mounted seats, UFAS §4.21.3. Division 10 was constructed in 1992 and so, Bennett insists, must comply with these standards.

The district court declined to certify the requested class, ruling that to do so would entail a premature adjudication of the merits, which the judge equated to one-way intervention. We reversed, 953 F.3d 467 (7th Cir. 2020), holding that class certification would not entail resolution of the merits. Because a class may lose as well as win, all certification could do would be to tee up the merits for decision. We remarked: "Bennett … proposes a class that will win if the Standards apply (and were violated, to detainees' detriment) and otherwise will lose. That's how class actions should proceed." 953 F.3d at 469.

On remand the district court certified a class. Although the class as certified presents what appears to be a straightforward question about whether Division 10 complies with the Standards, the case languished in the district court. Then, in September 2022, more than two and a half years after our decision, the judge decertified the class. 2022 U.S. Dist. LEXIS 171473 (N.D. Ill. Sept. 22, 2022). The judge's principal reason is that some class members, although using aids such as wheelchairs, may not be disabled within the meaning of the federal statutes—either because they are malingering or because they can get around without assistance for short

distances. Differences among class members would make the case too complex, the judge stated. Plaintiffs have requested a second interlocutory review under Fed. R. Civ. P. 23(f). Once again we grant the petition and reverse.

The district judge did not mention Fed. R. Civ. P. 23(c)(4), which provides: "When appropriate, an action may be brought or maintained as a class action with respect to particular issues." Our decision in 2020 identified such an issue, one relevant to every detainee in Division 10. A class certified under Rule 23(c)(4) resolves the *issue*, not the whole case. Class members would receive the benefit of a declaratory judgment (if the class prevails) on the issue but would need to proceed in individual suits to seek damages; by contrast, if the class loses, every detainee would be bound through the doctrine of issue preclusion. We do not see—and the district judge did not explain—why application of the Standards cannot be determined class-wide, while leaving to the future any particular inmate's claim to other relief.

This case is more than four years old. It should be resolved with dispatch on remand. The petition for leave to appeal is granted, and the class-decertification order is reversed.